IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-93-BO

| | |
|---|---|
| WILBUR RAY WILLOUGHBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 12, 2015, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on August 15, 2011, alleging disability since June 28, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's Philadelphia chromosome positive chronic myelogenous leukemia in full, sustained remission with fatigue as a side effect of medication, mild degenerative disc disease of the lumbar spine, hypertension, depression, and obesity were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff could perform light work with exertional and nonexertional limitations. The ALJ then found that plaintiff could not return to his past relevant work, but found that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the

national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled through the date of his decision.

Plaintiff contends first that the ALJ improperly considered the credibility of his subjective complaints. An ALJ's credibility determination is generally entitled to great deference. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984). The ALJ concluded that plaintiff's statements regarding his symptoms of fatigue from medication, pain, limited mobility, and irritability were inconsistent with the weight of remaining evidence in the record. Plaintiff's leukemia was documented to be in full, sustained remission, and at least two treating physicians opined that plaintiff's fatigue could be a side-effect of medication or could also be related to depression. Tr. 19. The ALJ provided for plaintiff's fatigue by limiting him to light work with postural and mental limitations. The physician statements provided by plaintiff to this Court are an insufficient basis upon which to remand this matter under sentence six of 42 U.S.C. § 405(g), as plaintiff has made no argument in support thereof and it would be improper for this Court to review the ALJ's credibility finding based on statements made two years after the ALJ made his decision and which are not a part of the administrative record in this matter.

The ALJ's credibility and RFC findings also properly accounted for plaintiff's remaining symptoms, including the postural restrictions imposed in light of plaintiff's mild degenerative disc changes without evidence of stenosis at any level. *Id.* Plaintiff's argument that the ALJ's reliance on his impressions of plaintiff as formed during a videoconference hearing are entitled to less deference is of no import as the record does not support that the hearing was held via videoconference. Tr. 26. Having reviewed the record, the Court holds that the ALJ's credibility finding and RFC are supported by substantial evidence.

4

Plaintiff further contends that the ALJ's step five conclusion was not supported by substantial evidence. Plaintiff's argument is based on a plain misreading of the ALJ's decision, which found that plaintiff could sit, stand, and/or walk for six hours in an eight-hour work day. Plaintiff contends that the based upon the above finding, the ALJ had concluded that plaintiff could not work an eight-hour work day. However, the ALJ's statement regarding plaintiff's abilities are a reference to the total amount of each activity that plaintiff could perform in an eight-hour work day. *See e.g.* SSR 83-10 (defining the amount of sitting in the context of a sedentary job to be approximately six hours out of an eight-hour work day). Plaintiff's argument is without merit.

Therefore, because substantial evidence supports his decision and the correct legal standard was employed, the decision of the ALJ is affirmed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 13] is DENIED and defendant's motion for judgment on the pleadings [DE 17] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this __26__ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE